UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANATOLI ZAKHAROV,<br><br>    Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 13cv0180 JAH (BLM)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

On January 22, 2013, Petitioner, Anatoli Zakharov, appearing *pro se*, filed a petition for a writ of *audita querela* under 28 U.S.C. section 1651.[1]  This Court dismissed the petition by an order filed April 24, 2013.  Petitioner filed a notice of appeal and motion for a certificate of appealability on May 9, 2012.  On May 13, 2012, the United States Court of Appeals for the Ninth Circuit remanded the matter to this Court for the limited purpose of granting or denying a certificate of appealability.

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1025-25 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473

---

[1] At the time he filed the petition, Petitioner did not pay the filing fee or move to proceed *in forma pauperis*.  He eventually filed a motion to proceed *in forma pauperis* on March 7, 2013.

(2000); Barefoot v. Estelle, 463 U.S. 880 (1983)).

Petitioner maintains this Court's denial of his writ was erroneous. The Court determined Petitioner's constitutional challenge to his conviction for conspiracy to possess cocaine with intent to distribute on board a vessel and possession of cocaine with intent to distribute on board a vessel pursuant to the Maritime Drug Law Enforcement Act ("MDLEA") was not properly brought as a writ for *audita querela* because it was cognizable under 28 U.S.C. section 2255. The Court also determined the petition, which relied upon the ruling in Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), was without merit because Petitioner was on board a vessel on the high seas and the Ninth Circuit has upheld the MDLEA as a constitutional exercise of congressional power to punish a person possessing narcotics on a vessel on the high seas.[2] Based on this Court's review of the record, this Court finds that no issues are debatable among jurists of reason and no issues could be resolved in a different manner. This Court further finds that no questions are adequate to deserve encouragement to proceed further.

Accordingly, IT IS HEREBY ORDERED the certificate of appealability is **DENIED**.

DATED: May 17, 2013

_____
JOHN A. HOUSTON
United States District Judge

---

[2] Bellaizac-Hurtado involved defendants on board a vessel in the territorial waters of Panama.